UNITED STATES of America,
Plaintiff-Appellant,

v.

Addison E. BERISFORD, Jr., a/k/a
Bucky Berisford,
Defendant-Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Addison E. BERISFORD, Sr.,
Defendant-Appellee.

Nos. 83–2024, 83–2045.

United States Court of Appeals,
Tenth Circuit.

Dec. 6, 1984.

Don F. Baker, Rex Earl Star, Scott Landon, Roberta M. Klosiewicz, Asst. U.S. Attys., Muskogee, Okl. (Gary L. Richardson, U.S. Atty., Muskogee, Okl., with him on the brief), for plaintiff-appellant.

Charles Louis Roberts, El Paso, Tex. (Joseph (Sib) Abraham, Jr., El Paso, Tex., with him on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, and SETH and SEYMOUR, Circuit Judges.

PER CURIAM.

This appeal concerns the suppression of physical evidence seized under authority of four search warrants. After a hearing the trial court granted defendants' pretrial motion to suppress. The government now appeals that determination. The issues presented for review are whether the warrants were proper in form and whether they were supported by probable cause.

Agents of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control sought search warrants for three locations in Ardmore, Oklahoma. The first warrant was for "Bucky's Auto Salvage," a business operated by the defendant Addison E. Berisford, Jr. The second was for the same defendant's home. The third warrant was for the home of Addison E. Berisford, Sr., also a defendant. No incriminating evidence was unearthed at the business address, but sizable quantities of controlled drugs were discovered at both residences. Information from these searches led to the issuance of a fourth search warrant directed towards several safety deposit boxes at a local bank. Because of the defects which the trial court found in the first three warrants the contents of the boxes were suppressed as fruit of the poisonous tree.

Agent John Guyton prepared a three page document titled "Affidavit in Support of Search Warrant" to support his request to the United States Magistrate for three search warrants. This "affidavit" was typed on plain paper, signed by the agent but undated. It was not separately sworn and subscribed to before a notary or magistrate. Instead, it was attached to printed forms titled "Affidavit for Search Warrant" which were filled out. On the face of each printed form an "X" was placed next to a sentence which read: "See attached affidavit which is incorporated as part of this affidavit for search warrant." Each of the form affidavits was properly filled out, signed, dated, and attested to by the affiant. The magistrate signed the forms and initialed two out of the three attached statements of Agent Guyton.

The trial court found the separate attachment was not a proper "affidavit," and that the attachment of the document to the form did not cure the defect.

■ There is nothing unusual about reading together the several components of an affidavit for search warrant, where properly incorporated or related by reference, *United States v. Rael,* 467 F.2d 333 (10th Cir.); *United States v. Myers,* 553 F.Supp. 98 (D.Kan.). When this is done and considered in a nontechnical manner we must hold that the warrants were adequate in form.

The trial court ruled also that none of the drug transactions described in Agent Guyton's statement were recent enough to support a determination of probable cause for any of the three locations. Thus in the court's view the information supporting the warrants was stale.

The affidavit of May 4, 1983 recited the reliability of the informants and described drug transactions or observations of sales and of drugs at the three locations. As to the dates of these events the affidavit recites as to the salvage yard "as early as October, 1982 and as recently as the last six days, with numerous sales during the intervening time." As to the 27 Cason Avenue location the time was stated as the last week of March 1983, and for the father's residence on Harris Street as recently as January 1983 and as far back as October 1982. The affidavit showed that the activity recited by the informants at the several places was interrelated and was continuing.

■ We conclude that the time that elapsed between the events recounted in the affidavit and the issuance of the warrants is insufficient to support a finding of staleness especially in view of the continuing nature of the enterprise. *United States v. Erickson,* 676 F.2d 408, 410 (10th Cir.). The passage of time is not the only consideration. *United States v. Schauble,*

647 F.2d 113 (10th Cir.); *United States v. Rahn,* 511 F.2d 290, 292 (10th Cir.).

The affidavit taken as a whole depicts activity of a protracted nature having a connection with each of the three locations. The statements pertaining to the role of the elder Berisford's home as a storehouse for cash and drugs provided a reasonable basis for the magistrate's conclusion that the home was still a part of the overall continuing dealings and where contraband was located. The same conclusion must be reached as to the younger Berisford's house.

The Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reiterated the importance of veracity, reliability, and basis of knowledge in assessing the value of a particular piece of information used as a basis for the issuance of a warrant. The Court rejected the approach that turned these considerations into "entirely separate and independent requirements." The probable cause standard is a practical, nontechnical concept. *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879. The Court abandoned the *Aguilar-Spinelli* method and adopted instead a totality of the circumstances analysis. The Court in *Gates* thus said:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

103 S.Ct. at 2332.

 We conclude that the issuing magistrate in the present case had a basis under *Gates* for his finding of probable cause. Agent Guyton's affidavit when viewed as a whole and in a practical way depicts an ongoing criminal enterprise of considerable scope at the several locations and there was a fair probability of contraband or evidence of a crime to be there found. The informants' reliability and the basis for their knowledge were adequately disclosed. Accordingly, the magistrate's "action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates,* 103 S.Ct. at 2332. Here the totality of the information set out in the affidavit provided the substantial basis for the finding that there was a fair probability that contraband would be found.

In view of the disposition by an application of *Gates* of the issues presented in this appeal, we do not reach the doctrines announced by the Court in *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677.

The order of the trial court with regard to the suppression of evidence is REVERSED.