**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricky Dean MILES,
Defendant-Appellant.**

No. 84–1659.

United States Court of Appeals,
Tenth Circuit.

Sept. 3, 1985.

**614**

Stanley D. Monroe, Tulsa, Okl., for defendant-appellant.

Layn R. Phillips, U.S. Atty., and Gerald Hilsher, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before BARRETT, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Ricky Dean Miles appeals his convictions under 26 U.S.C. §§ 5861(b) and 5861(d) for violations of the federal firearms statutes. The appellant was also convicted under 21 U.S.C. § 841(a)(1) for possession of controlled substances with the intent to distribute. Three issues are presented for review. Was there sufficient evidence that the firearms and the drugs were in the appellant's possession to support the convictions? Second, was the affidavit offered in support of the issuance of the search warrant defective? Finally, were the counts charged in the indictment duplicative?

A deputy with the Tulsa County Sheriff's Department drafted an "Affidavit for Search Warrant." Two stolen revolvers were the target of the search. The affidavit described the location of the home where the guns were believed to be held. The affiant further stated that "during the past 24 hours" he received information from a confidential informant that the guns were in the appellant's home. The informant had observed the appellant purchase the guns and also knew their serial numbers. The affiant averred that the serial numbers as reported to him by the infor-

mant matched those of two pistols reported stolen some nineteen days earlier. The affidavit did not state on what date the informant claimed to have seen the transaction with the stolen guns in the appellant's home. On the basis of the affidavit a search warrant issued from the state district court.

Officers of the Tulsa County Sheriff's Department searched the residence that night. Appellant was not at the house. The search warrant specifically authorized the nighttime search. In the process of looking for the revolvers the authorities discovered a large cache of guns, including military style assault rifles. Among them was an Ingram "Mac-10" submachine gun. With the submachine gun the police discovered a suppressor, or silencer, for the weapon. The authorities also found a sizeable quantity of Diazepam and a smaller amount of methamphetamine, both controlled substances.

The appellant was tried to the court which found the appellant guilty on six of seven counts. There was no "pyramiding" of the sentences under the firearms violations.

The appellant argues that the trial court erred in denying his motion of acquittal because of the inherent weakness of the government's evidence showing his possession of the house in which the contraband items were seized. Our standard of review is the same as the trial court's in ruling on the motion in the first instance. *See Goff v. United States,* 446 F.2d 623, 624 (10th Cir.1971). We view the evidence in the light most favorable to the government, and "then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." *United States v. White,* 673 F.2d 299, 301 (10th Cir.1982). Applying this standard to the facts of this case we must conclude the trial court properly denied the motion to acquit. There was substantial evidence from which a jury rationally could conclude guilt beyond a reasonable doubt.

■ The appellant's defense rested entirely on the proposition that he was not in possession, either actual or constructive, of the house in which the firearms and the drugs were discovered. The government sought to demonstrate possession by the introduction of circumstantial evidence tying the appellant to the house. This consisted of important letters found in the house and addressed to appellant and bearing recent dates. There was also direct evidence in the form of testimony from the deputy sheriff in charge of the investigation that on several occasions he spoke with the appellant at the house. The deputy also testified he saw the appellant emerging from a van parked at the house the same day as the issuance of the warrant and the ensuing search. When the evidence is viewed in the light most favorable to the government it establishes the possessory component of the crimes charged.

We also must reject the appellant's generalized attack on the sufficiency of the evidence to support the convictions. "Sufficiency of the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." *United States v. Powell,* —— U.S. ——, ——, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984). Our review of the sufficiency of the evidence is essentially the same as that previously discussed for gauging the motion to acquit. The relevant inquiry "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). This formulation is consonant with the approach of this circuit. *See, e.g., United States v. Jorgenson,* 451 F.2d 516, 521 (10th Cir.1971).

In the present case there was no question that the submachine gun and its silencer were unregistered and that the federal transfer provisions had been violated. It was also undisputed that the drugs were

controlled substances. Hence the only contested element was the appellant's possession. Viewing the evidence in the light most favorable to the government we must again conclude there was substantial evidence from which a rational trier of fact could find the appellant possessed the items beyond a reasonable doubt.

■ The appellant attacks the sufficiency of the warrant as to the time the informant witnessed certain events. The affiant stated that "during the past 24 hours," namely the day preceding November 10, 1983, he received information that two stolen guns were in the appellant's possession. The affiant did not declare on what date the observed events took place but this does not cast doubt on the basis for the search in light of the remaining information contained in the affidavit. The affidavit makes plain that the guns were reported stolen on October 22, 1983, some two and a half weeks before the affiant received the informant's tip. Thus it is clear from the face of the affidavit that the informant saw the events in question some time between October 22 and November 9. This interval is sufficiently close to the date of the affidavit to undercut any argument of staleness or vagueness.

The basis of the staleness doctrine is the notion that probable cause dissipates with the passage of time. *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972). But the passage of time becomes less significant when the criminal offense is continuous. *United States v. Erickson*, 676 F.2d 408, 410 (10th Cir.1982). We have made clear that staleness questions are not to be resolved by the mere counting of days between an event and the subsequent issuance of a warrant. *United States v. Rahn*, 511 F.2d 290, 292 (10th Cir.1975). In view of these considerations we must conclude that the failure to name the date of the events recounted is not fatal to the adequacy of the affidavit.

We find no inconsistency between the issuing judge's probable cause determination and the pronouncements of the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Indeed, *Gates* supports the commonsense approach we have employed in analyzing the sufficiency of the information contained in the affidavit. *See also United States v. Berisford*, 750 F.2d 57, 59 (10th Cir.1984).

■ The duty of an appellate court is to ensure that the magistrate had a substantial basis for concluding probable cause existed. *Illinois v. Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. *See also United States v. Harris*, 403 U.S. 573, 581, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971). Applying the *Gates* standard to the facts of this case we must conclude there was probable cause to support the issuance of the warrant. We need not reach the questions addressed by the Court in *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

■ The appellant's final argument is that the trial court erred in denying his motion to dismiss some of the counts in the indictment or, alternatively, to elect under which counts to proceed. The appellant contends he could not be convicted under both 26 U.S.C. §§ 5861(b) and 5861(d) because the counts are duplicative and because the double jeopardy provision is triggered. These contentions have been considered before by many courts and rejected. *See Sanders v. United States*, 441 F.2d 412, 414 (10th Cir.1971). Counts III and IV charged the appellant with receiving two firearms which were transferred to him in violation of 26 U.S.C. § 5812, which section requires a written application to and approval from the Secretary of the Treasury prior to transfer. These two counts are thus asserted violations of § 5861(b).

The charges under subsections (b) and (d) are different because they require proof of different facts. *See, e.g., United States v. Ponder*, 522 F.2d 941 (4th Cir.1975). We have held that multiple convictions under the National Firearms Act are proper even if they arise from a single act or transaction as long as each offense requires proof

of some fact not required by the other. *See United States v. Rogers,* 652 F.2d 972 (10th Cir.1981); *United States v. Cotton,* 646 F.2d 430, 433 (10th Cir.1981). The government in the present case was not required to elect.

Finally, because the sentences were imposed concurrently there was no danger of unfair "pyramiding" of sentences and therefore we need not address the issue. *See United States v. Kaplan,* 588 F.2d 71, 74 (4th Cir.1978); *United States v. Romero,* 484 F.2d 1324 (10th Cir.1973).

In sum, we find no error in the rulings of the trial court or in the sufficiency of the evidence to sustain the convictions.

AFFIRMED.