## COMMONWEALTH *vs.* SCOTT TRUAX.

Worcester. December 2, 1985. — March 25, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Probable Cause. Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Probable cause, Affidavit, Warrant.

An affidavit of a police officer, based upon information furnished to police in an anonymous letter which stated that a certain individual (defendant) had been selling large quantities of marihuana and hashish, was sufficient to support the issuance of a warrant for the search of the defendant's house, where the officer's affidavit included corroborating statements verifying that the defendant resided at the address provided in the letter, that the defendant's house conformed to the description appearing in the letter, and that, as the letter had indicated, telephone calls to Hawaii had been made from the house, and where the affidavit also stated that, through the use of a trained dog, police had discovered marihuana in a certain package, in transit in the postal service, addressed to the defendant and bearing a return address in Hawaii. [177-178]

An affidavit presented to a magistrate in support of a search warrant application was sufficiently clear and detailed, when evaluated as a whole, to allow a finding of probable cause to issue a warrant for the search of a residence and the seizure there of controlled substances and paraphernalia, notwithstanding the existence of several formal defects. [178-181]

Formal defects in the language of a search warrant were not so serious as to invalidate it, where the target and scope of the warrant were ascertainable on its face without great difficulty [181]; nor did the magistrate's inadvertent deletion of the printed words "there is probable cause" contradict the finding, implicit in his signing and issuing the warrant, that probable cause for doing so had been established [181-182].

COMPLAINTS received and sworn to in the Dudley Division of the District Court Department on December 20, 1983.

A motion to suppress evidence was heard by *Paul V. Mullaney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

*Jeffrey M. Chasse* (*Robert E. George* with him) for the defendant.

HENNESSEY, C.J. This appeal raises two related issues: first, whether the affidavit of a police officer was so defective in form and construction that it failed to establish probable cause to support the issuance of a search warrant; and, second, whether certain asserted defects in the warrant itself rendered invalid the warrant and the search conducted pursuant to the warrant. Following the execution of a search warrant at his home, the defendant was arrested on complaints charging him with possession of marihuana, possession of a controlled substance (marihuana) with intent to distribute, and possession of fireworks. Subsequently, the defendant's motion to suppress items seized pursuant to the search warrant was allowed by a District Court judge. The Commonwealth appealed, see G. L. c. 278, § 28E (1984 ed.); Mass. R. Crim. P. 15 (*a*), 378 Mass. 882 (1979), and we transferred the matter here on our own motion. We reverse.

We summarize the facts relevant to this appeal from the affidavit in support of the application for a search warrant. On November 30, 1983, the State Police received a letter from an anonymous informant. The letter stated that Scott Truax of Shepard Road in Sturbridge sold marihuana and hashish in large quantities to dealers in bars (drinking establishments) in Sturbridge and Southbridge. According to the letter, the marihuana and hashish were obtained from the defendant's wife's sister who resides in Hawaii. In the letter, the writer alleged that the sister had sent four shipments of marihuana and hashish to the defendant during the preceding six months through the United States Post Office at Southbridge and that the defendant had recently received a four-pound shipment of marihuana and a substantial amount of hashish. The writer suggested that the police verify that the defendant's sister-in-law was in Hawaii by checking the defendant's telephone bills. Additionally, the writer stated that two of the defendant's brothers, one of whom was married to the police chief's daughter, sold drugs for the defendant. The informant's letter contained details such as the location of the defendant's money

(the freezer) and the location of the defendant's scale (on top of the refrigerator in plain sight) and described the defendant's house as a "white stucco tudor with brown trim." The letter was prefaced by the informant's statement that the information was being provided "because of what [the defendant] did to [the informant's] brother."

On the day the letter was received, State Trooper Bruce P. Pinto verified that Scott Truax lived at 58 Shepard Road, Sturbridge, by checking records in the town hall. The trooper drove to that address and observed that the defendant's house was a "white Tudor stucco with brown trim." In addition, the trooper applied for a "mail cover" for all packages received by the defendant at the Shepard Street address and requested, through the district attorney's office, a list of toll calls made from the defendant's address.

On December 15, 1983, the trooper received a list of toll calls made from the defendant's residence. The list included six telephone calls to Olaa, Hawaii, during September, October, and November, 1983.

On December 19, 1983, the postal inspector informed the State police that a package addressed to the defendant and his wife was being held at the Sturbridge post office. Trooper Pinto, accompanied by another trooper and a "K-9" dog, Shadow, met the postal inspector and the Sturbridge postmaster at the Sturbridge post office. At the post office, the package addressed to the defendant was placed with six other packages and three mail baskets on the loading dock. K-9 Shadow indicated that the defendant's package contained marihuana. K-9 Shadow, a certified narcotics detector dog, had found marihuana successfully on two previous occasions, February 5, 1981, and June 4, 1982, resulting in a student's suspension from school in one case and a criminal conviction in the other.

Shortly after the package was delivered to the defendant's home on December 19, at approximately 5:30 p.m., the police conducted a search of the defendant's home pursuant to a warrant issued the same day. A quantity of marihuana in various forms was seized, along with several types of fireworks (four rockets, four boxes of sparklers, and thirty-five packages of "M80's").

In his findings in support of the ruling allowing the defendant's motion to suppress the items seized during the December 19 search of the defendant's home, the judge cited various defects in the affidavit and warrant as rendering the warrant and subsequent search invalid. On appeal the Commonwealth argues that the judge improperly allowed the defendant's motion to suppress because the affidavit and warrant, when each is viewed as a whole, contained adequate descriptions of the location to be searched, and the items to be seized, to satisfy constitutional and statutory requirements. While we agree with the judge that there were defects in the affidavit and the warrant, we disagree with his conclusion that the defects in the affidavit and warrant invalidated the warrant and search.

1. *The Affidavit.*

Two issues are presented by the Commonwealth's challenge to the judge's rulings concerning the validity of the affidavit. First, we consider whether, disregarding the formal defects in the affidavit upon which the judge centered in his rulings, the facts alleged in the affidavit established probable cause. In cases like this one where the affidavit in support of an application for a search warrant is based on information from an unidentified informant, the magistrate ordinarily must be informed of both the basis of the informant's knowledge and the circumstances from which the affiant concluded that the informant was credible or the information was reliable. *Spinelli* v. *United States,* 393 U.S. 410, 415 (1969). *Aguilar* v. *Texas,* 378 U.S. 108, 114 (1964). *Commonwealth* v. *Upton,* 394 Mass. 363, 375-376 (1985) (*Upton II*). However, other facts alleged in the affidavit corroborating the tip can be used to support a finding of probable cause. *Spinelli, supra* at 415. *Upton II, supra* at 375. *Commonwealth* v. *Stevens,* 362 Mass. 24, 27-28 (1972). Such corroborating allegations were included in the affidavit at issue in the instant case. The State trooper assigned to investigate the allegations contained in the anonymous letter verified that the defendant resided at the address provided in the letter, that the defendant's residence conformed to the description given in the letter, and that, as the letter had indicated, calls to Hawaii were made from the defendant's

home. Finally, through a mail cover at the Sturbridge post office and the use of a trained narcotic detector dog, the trooper was able to determine that a package addressed to the Truaxes with a return address of Hawaii contained marihuana. These facts, corroborated by independent police investigation, served to lend credibility to the information contained in the anonymous letter.

Considered together, the facts on which the affidavit was based were sufficient to establish probable cause. Cf. *Commonwealth* v. *Kaufman,* 381 Mass. 301, 303-304 (1980). Proof beyond a reasonable doubt is not required to establish probable cause. *Commonwealth* v. *Stewart,* 358 Mass. 747, 749 (1971). See *Commonwealth* v. *O'Dell,* 392 Mass. 445, 451 (1984); *Commonwealth* v. *Haas,* 373 Mass. 545, 555 (1977). To establish probable cause, an affidavit must allege sufficient facts and circumstances "for an issuing magistrate to determine that the items sought are related to the criminal activity under investigation, and that they reasonably may be expected to be located in the place to be searched." *Commonwealth* v. *Cinelli,* 389 Mass. 197, 213, cert. denied, 464 U.S. 860 (1983); *Upton II, supra* at 370-371. "In each case, the basic question for the magistrate is whether he has a substantial basis for concluding that any of the articles described in the warrant are probably in the place to be searched. . . . Strong reason to suspect is not adequate" (citations omitted). *Upton II, supra* at 370. *Beck* v. *Ohio,* 379 U.S. 89 (1964). *Commonwealth* v. *Haas, supra* at 555. The circumstances here clearly meet this standard for determining the existence of probable cause.

Since the factual circumstances of this case cumulatively established probable cause, the second matter to be resolved regarding the affidavit is the Commonwealth's objection to the judge's ruling that certain formal defects in the affidavit would prevent a neutral and detached magistrate from making a determination that probable cause existed to justify the issuance of a search warrant. See *Commonwealth* v. *Sheppard,* 394 Mass. 381, 389 (1985) (*Sheppard II*); *Upton II, supra* at 377. Section 2B of G. L. c. 276 (1984 ed.) requires that an affidavit be submitted to support an application for a search warrant which

"shall contain the facts, information, and circumstances upon which [the affiant] relies to establish sufficient grounds for the issuance of the warrant." We have said that the purpose of G. L. c. 276, § 2B, is to make sure that the Commonwealth could demonstrate by a writing that a given search and seizure is based on probable cause. *Sheppard II, supra* at 388. *Upton II, supra* at 370.

Despite the defects in the affidavit presented to support the warrant application, the affidavit was sufficiently clear and detailed to allow a magistrate to find that probable cause for issuing a search warrant existed. Although we address each of the defects identified by the judge individually, we conclude that the cumulative effect of these defects did not render the affidavit insufficient.

The judge first noted that the two pages attached to the affidavit, containing information that could not fit on the warrant form, were not signed.[1] No statute or other authority requires the affiant to sign pages attached to the warrant application. G. L. c. 276, § 1. See *Commonwealth* v. *DeCologero,* 19 Mass. App. Ct. 956, 959 (1985) (court makes no comment on affiant's failure to sign one of two pages attached to warrant application as affecting validity of the warrant). The affiant's failure to sign the pages attached to the warrant application did not affect the validity of the warrant.

The judge also found that the persons and premises to be searched were not identified sufficiently because the description of the premises to be searched was transposed on the form with the description of the property to be seized. The transposition of the property sought with the description of the location to be searched did not invalidate the affidavit. Even with this error, when read as a whole, the affidavit provides sufficient detail identifying the place to be searched and the items to be seized to satisfy the requirements of the Fourth Amendment

---

[1] We observe with approval that the two supplemental pages were referred to by the language "see attached page" which appeared in appropriate places in the affidavit form. Cf. *Commonwealth* v. *Sheppard,* 387 Mass. 488, 500 & n.12 (1982), rev'd, 468 U. S. 981 (1984), on remand, *Commonwealth* v. *Sheppard,* 394 Mass. 381 (1985).

to the Constitution of the United States, art. 14 of the Massachusetts Declaration of Rights, and G. L. c. 276, § 2B. See *Commonwealth* v. *Burt,* 393 Mass. 703, 718 (1985); *Commonwealth* v. *Pope,* 354 Mass. 625, 628-629 (1968). All the information required by State and Federal constitutional provisions and the statute was in the affidavit for the magistrate to use in making his probable cause evaluation. To determine whether the affidavit is sufficient, it should be read in a commonsense, not a hypertechnical, manner. *Upton II, supra* at 376. *Commonwealth* v. *Cefalo,* 381 Mass. 319, 330 (1980). The affidavit should be evaluated as a whole, not broken down into fragments with each fragment subjected to independent scrutiny. *Commonwealth* v. *Stewart, supra* at 751.

The judge also erred in concluding that the inclusion of the phrase requesting that the warrant permit a search of "the bodies of any parties other than the owners located at the above premises at time of service of warrant" and the failure to include in the affidavit a showing that the Truaxes were the owners of the premises to be searched rendered the affidavit insufficient to support a valid warrant. Even though there was no showing that a search of any other persons present was justified by probable cause, the inclusion of this phrase did not invalidate the warrant, because no other persons were searched. See *Sheppard II, supra* at 390. The defendant would not have standing to raise the claims of third persons if such persons had been searched pursuant to a warrant issued on the basis of this affidavit. 3 W. LaFave, Search and Seizure § 11.3, at 543 (1978). See *Jones* v. *United States,* 362 U.S. 257, 261 (1960). The omission of an allegation that the defendant was the owner of the premises to be searched is inconsequential because there was sufficient information in the affidavit to show that the defendant resided in the premises to be searched.

The failure to omit the inapplicable words, "has been stolen," from the third paragraph of the affidavit similarly did not invalidate the warrant. It was clear, from the affidavit as a whole, that the search was requested for illegal property, not stolen property. The failure to strike the inapplicable words created little danger of confusion or prejudice to the defendant. *Com-*

*monwealth* v. *Burt, supra* at 718-719. See *Commonwealth* v. *Von Utter,* 355 Mass. 597, 600 (1969).

2. *The Warrant.*

We next consider the Commonwealth's challenge to the judge's ruling that the form of the warrant, like the form of an affidavit, was so defective as to invalidate it. Here we apply the same general principles applicable to the construction and interpretation of affidavits. *Upton II, supra* at 376. *Commonwealth* v. *Cefalo, supra* at 330. The warrant should be evaluated as a whole and as it relates to the affidavit filed to support the issuance of the warrant. *Commonwealth* v. *Stewart, supra* at 751. As was the case with the affidavit, we conclude that the defects, whether viewed individually or cumulatively, did not render the warrant and resulting search invalid.

The judge's conclusion that the inclusion of the language "Also the bodies of any parties other than the owners located at the above premises at time of service of warrant" in the paragraph of the warrant calling for a description of property sought invalidated the warrant was error for the reasons we identified in addressing his objection to the inclusion of the same language in the affidavit. See *supra* at 180. The judge's finding that certain portions of the warrant were badly jumbled and that the collection of detailed facts contained in the attached pages did not cure this problem was also not a sufficient reason for invalidating the warrant. With some, but not great, difficulty it is possible to determine what premises are to be searched and what items are sought. While we agree with the judge that the form could have been prepared to permit easier reading, the insertions on the warrant form in this case are legible and the presentation of the information essential to a valid warrant falls far short of being so difficult to read that the warrant is invalid. Further, the target and scope of the warrant were apparent from the affidavit, which satisfied the requirement that there be a writing for the defendant to challenge. *Sheppard II, supra* at 390. See G. L. c. 276, § 2B.

We address the Commonwealth's final challenge to the judge's ruling that the warrant was invalid because the words "there is probable cause" were struck from the warrant. The

judge determined that, because these words were struck from the warrant, the clerk-magistrate had not made a finding that probable cause existed to support the issuance of the warrant. This error in deleting printed language on the form located adjacent to language that should have been deleted is no more than a clerical error, and does not affect the validity of the warrant. We can infer that the clerk-magistrate found probable cause from his signing and issuing the warrant, two actions he could not properly have taken in the absence of a finding of probable cause.

3. *The Fireworks.*

Because the defendant does not appear to have raised a distinct challenge to the seizure of the fireworks, we deem that he has waived any objection relating to the seizure of those items. See *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 & n.5 (1981); *Commonwealth* v. *Hopkins,* 18 Mass. App. Ct. 982, 983-984 (1984). Suppression of these items was also error.

4. *Conclusion.*

Although we conclude that the judge was in error, we comment on the number and nature of the formal defects in the work product of both the police and the magistrate. Careless and unnecessary defects in form and construction of the affidavit or warrant may constitute a violation of G. L. c. 276, art. 14 of the Declaration of Rights of the Constitution to the Commonwealth, or the Fourth Amendment of the United States Constitution, so as to render a search invalid. *Sheppard II, supra* at 389.

The order allowing the defendant's motion to suppress evidence seized at his residence is vacated. An order shall be entered denying the motion to suppress.[2] The case is remanded for trial.

*So ordered.*

---

[2] Pursuant to Mass. R. Crim. P. 15 (*d*), 378 Mass. 884 (1979), the defendant filed a motion for assessment of costs and attorney's fees in the amount of $2,858.86 for expenses incurred in the prosecution of this interlocutory appeal. We refer this matter to a single justice of this court for appropriate disposition.