STATE of Missouri,
Plaintiff–Respondent,

v.

Jimmie WEGRZYN,
Defendant–Appellant.

No. 15458.

Missouri Court of Appeals,
Southern District,
Division Two.

May 27, 1988.

Victor W. Head, Garrett & Woods, Monett, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant Jimmie Wegrzyn guilty of possessing more than 35 grams of marijuana and he was sentenced, as a persistent offender, to five years' imprisonment. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the verdict. On July 2, 1986, Chief Frank Preston of the Pierce City Police Department, deputy sheriff Douglas Seneker, and other uniformed officers went to defendant's mobile home in Pierce City. The officers had a search warrant, issued by Hon. Jack Steinle, Associate Circuit Judge of the Circuit Court of Lawrence County, authorizing the search of the mobile home and a "shed and all other buildings thereon" located at the specified address in Pierce City. Deputy Seneker made sworn application for the warrant on June 30, 1986, in which he stated that the specified mobile home and the other buildings were being used for the purpose of secreting certain controlled substances, "to-wit, marijuana, paraphernalia for the use, and equipment for the cultivation thereof."

When defendant responded to the officers' knock, they exhibited the warrant to him and requested admittance to the premises. Defendant refused to admit them and the officers forced their entry by breaking the glass on a screen door and kicking open the front door. Upon entry the officers read the Miranda warnings to defendant, who was alone in the mobile home.

During the ensuing search of the mobile home and other portions of the premises, the officers found large quantities of marijuana and drug paraphernalia. During the search the defendant made various statements to the officers. When the officers informed defendant he was being placed under arrest, defendant made the remark that the only way he was going to the Lawrence County jail was dead. Defendant resisted arrest and engaged in a "wrestling match" with the officers who subdued him. Defendant was handcuffed and shackled and taken to jail. The fruits of the search and seizure gave rise to the instant charge.

Prior to the trial defendant filed a motion to suppress the use in evidence of the marijuana and drug paraphernalia seized by the officers. The motion alleged various grounds, including those reasserted on the instant appeal. The trial court denied the motion and received the articles into evidence.

Defendant's first point is that the trial court erred in overruling his motion to suppress the use in evidence of the seized marijuana and drug paraphernalia because the search warrant was invalid for the following reason: the application for the warrant "was based on a document signed by [Chief Preston] which was not dated, not verified by oath or affirmation, and not properly notarized, which document was considered by the judge issuing the warrant in his determination of whether or not probable cause existed for the issuance thereof."

Defendant makes no direct attack on the contents of the search warrant itself, which was issued by Judge Steinle on July 1, 1986, at 9:00 a.m. Defendant challenges the adequacy of the "document signed by Chief Preston."

*Two* documents attached to each other were filed in the Circuit Court of Lawrence County and formed the basis for the issuance of the search warrant. Those documents were:

(1) Application for Search Warrant, signed by deputy sheriff Douglas Seneker and filed on June 30, 1986, at 4:15 p.m. This document was in affidavit form and was sworn to, on June 30, 1986, before a notary public who affixed her jurat. The body of this document reads:

"Douglas D. Seneker, being duly sworn, deposes and states upon information and belief that at the premises known as:

Lot 23, Ford Street Addition to Pierce City, Lawrence County, Missouri with mobil (sic) home, shed, and other buildings thereon

is being used for the purpose of secreting certain controlled substances, to-wit:

marihuana, paraphernalia for the use, and equipment for the cultivation thereof

That the basis of the affiant's information and belief is contained in the attached affidavits of witnesses to facts concerning the said matter which affidavits are made a part hereof and are submitted herewith as a basis upon which this Court may find the existence of probable cause for the issuance of said warrant.

WHEREFORE, your petitioner prays that a search warrant be issued as provided by law."

(2) A two-page document, each page entitled "Affidavit," the second page of which was signed by Frank Preston.

The first page bears the stamp "Associate Division, Circuit Court, June 30, 1986, Jack P. Steinle, Judge, Lawrence County, Missouri." The first page reads:

"STATE OF MISSOURI

ss.

COUNTY OF LAWRENCE

AFFIDAVIT

Frank Preston of lawful age, being first duly sworn, deposes and says that he has reason to believe that certain controlled substances, to-wit:

marihuana, paraphernalia for the use, and equipment for the cultivation thereof

is being kept and secreted in the place described as:

Lot 23, Fort Street Addition to Pierce City, Lawrence County, Missouri, with mobil (sic) home, shed, and other buildings thereon

Affiant states that he has reasonable grounds to believe such controlled substance is being kept and secreted in the described premises because

See attached affidavit"

The second page bears the signature of Frank Preston and also bears the signature of Phyllis Gripka, Notary Public. Below her signature is stamped "Notary Public, State of Missouri, Commissioned in Law-

rence County, My Commission Expires Dec. 12, 1988."

In the body of the second page Frank Preston makes certain statements, the sufficiency of which has not been challenged. Chief Preston's statements on that page included the following: he was chief of police of Pierce City; in the course of his duties he had become well acquainted with marijuana, both in the growing and harvested state; on Saturday, June 28, 2986[1] (sic), a reliable informant told him that the informant had seen marijuana plants being cultivated on the described premises in Pierce City; the informant had previously furnished information concerning criminal activity in Lawrence County which had proven to be reliable and which had resulted in the recovery of stolen property in Lawrence County; the informant stated that on that date he had seen marijuana plants being cultivated on [the described premises of defendant]; acting on the informant's tip, Chief Preston went to the vicinity of [the described premises of defendant] and, from a point off those premises, saw plants resembling marijuana growing at the specific location on the premises previously described by the informant; based on the information furnished him and on his own investigation, Chief Preston believes "that there is now, at this time, marijuana, paraphernalia for the use, and equipment for the cultivation thereof, now present on [the described premises of defendant]."

The requirements for the contents of an application for the issuance of a search warrant are set forth in § 542.276.2. One of those requirements is that the application state facts sufficient to show probable cause for the issuance of a search warrant. Defendant makes no claim that the facts stated were insufficient to show probable cause. Section 542.276.2(6) requires that the application "be verified by oath or affirmation of the applicant." As this court understands defendant's position, he claims that requirement was not met.

Section 542.276.3 reads:

"The application may be supplemented by a written affidavit verified by oath or affirmation. Such affidavit shall be considered in determining whether there is probable cause for the issuance of a search warrant and in filling out any deficiencies in the description of the person, place, or thing to be searched or of the property, article, material, substance, or person to be seized. Oral testimony shall not be considered."

After quoting § 542.276.3 defendant's brief says:

"It is obvious from the testimony by Deputy Sheriff Doug Seneker that he had no independent knowledge of any of the facts concerning this matter and therefore, the statement signed by Chief Preston was the sole basis for the issuance of this warrant by the Associate Circuit Judge. It is the appellant's position that the statement signed by Chief Preston was not, in fact, an affidavit. Further, it was not verified by oath or affirmation. The notary simply signed a name and affixed her signature. As a matter of fact it was not dated and there is no showing that Preston signed same before the notary. Therefore, the Associate Circuit Judge in issuing this warrant considered an unverified improper statement in issuing the search warrant."

Defendant's first point makes no challenge to the formal sufficiency of the first document, the application for search warrant signed by deputy sheriff Seneker. He attacks the formal sufficiency of the second document, the two-page "affidavit" signed by Chief Preston. He describes Preston's statement as the "sole basis" for the issuance of the warrant because, so he argues, deputy Seneker had no independent knowledge of the relevant facts. The latter argument overlooks the principle that "hearsay may be a proper basis to establish probable cause if there is substantial basis for crediting the hearsay." *State v. Pacchetti,* 729 S.W.2d 621, 628 (Mo.App. 1987) (citing authorities.)

---

**1.** Neither in the trial court nor in this court has defendant complained of or even mentioned

this obvious clerical error. The year intended to be stated was, of course, 1986.

■ For the reasons which follow, this court holds that the contents of Chief Preston's two-page document entitled "affidavit" were incorporated in deputy Seneker's application, itself properly verified, even if Chief Preston's affidavit, standing alone, was subject to any or all of the formal deficiencies claimed by defendant, and that the group of documents, considered collectively, constituted an application which was "verified by oath or affirmation of the applicant" as required by § 542.276.2(6).

The first sentence of § 542.276.3, quoted in full above, now reads: "The application may be supplemented by a written affidavit verified by oath or affirmation." Prior to 1983, when it was amended to its present form, that sentence read, "The application *shall* be supplemented by a written affidavit verified by oath or affirmation." (Emphasis added.) However, even when that sentence was in its pre–1983 form, it was held that a single document, properly verified, would satisfy § 542.276 and it was not necessary that there be two separate documents, one consisting of the application and the other consisting of the affidavit. *State v. LaPlant,* 673 S.W.2d 782, 783 (Mo. banc 1984); *State v. Gilmore,* 665 S.W.2d 25, 28 (Mo.App.1984); *State v. Clark,* 552 S.W.2d 256, 260 (Mo.App.1977). Although some of those cases were decided after 1983, they all dealt with the pre–1983 version of § 542.276.3. Indeed the 1983 amendment was probably enacted to reflect those holdings.

In *LaPlant,* referring to § 542.276.3, the court said, at 783:

"There is no prohibition, expressed or implied, against the use of a single document both as an application and as an affidavit. The fourth amendment requires a showing of 'probable cause, supported by oath or affirmation.' A similar requirement is found in Article 1, § 15 of the Missouri Constitution. The documents submitted comply with the constitutional standards.

Section 542.276.3 precludes the use of oral testimony in providing probable cause facts to the issuing magistrate by requiring the submission of those facts only by written document. Documentation is important because it is available for future reference if claims of want of probable cause are made. The statute also serves to provide for a situation which arises not infrequently, in which the facts which must be sworn to are not known to the person presenting the application (usually a prosecutor or police officer) but lie within the knowledge of lay witnesses. If the required facts are properly sworn to there is no prejudice in the use of a single document. We agree with *State v. Clark,* 552 S.W.2d 256 (Mo. App.1977), holding that an application separate from the affidavit is not required if all essential facts are stated in the one document."

Even if, which need not be decided, Chief Preston's "affidavit" has some or all of the formal deficiencies which defendant seeks to ascribe to it, it was adequately incorporated into deputy Seneker's application and no such formal deficiencies are claimed to exist in the latter. This was sufficient to satisfy the verification requirement of § 542.276.2(6).

In *People v. Campbell,* 678 P.2d 1035, 1040 (Colo.App.1983), the court said:

"The determination of probable cause must be made by the reviewing judge on the basis of information contained within the four corners of the affidavit. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *People v. Padilla,* 182 Colo. 101, 511 P.2d 480 (1973). *However, documents attached to and incorporated in an affidavit by reference need not be sworn to separately and may thus fall within the four corners of the affidavit....*" (Emphasis added.)

Similarly, in *Com. v. Bass,* 24 Mass.App. 972, 512 N.E.2d 519 (1987), an affidavit for a search warrant, properly verified, incorporated the contents of attached documents. The attachments were not in affidavit form. They were not sworn to and they contained no jurat. The trial court held that those deficiencies invalidated the warrant. The Appeals Court of Massachusetts reversed that holding and upheld the

warrant and the search made pursuant to it. The court held that the attached documents were properly incorporated into the affidavit, itself in proper form, and that it was of no moment that the attachments were not sworn to or contained no jurat. To similar effect see, generally, *United States v. McCoy,* 781 F.2d 168, 172[4] (10th Cir.1985); *United States v. Berisford,* 750 F.2d 57, 58 (10th Cir.1984); *United States v. One Olivetti Electric 10–Key Adding Machine,* 406 F.2d 1167, 1168[1] (5th Cir. 1969); *Osborne v. State,* 643 S.W.2d 251, 252[2] (Ark.1982); *People v. Sloss,* 34 Cal. App.3d 74, 109 Cal.Rptr. 583, 587–588[2] (1973); *Com. v. Truax,* 397 Mass. 174, 490 N.E.2d 425, 430–431 (1986). Defendant's first point has no merit.

Defendant's second point is that the trial court erred in receiving into evidence statements made by defendant to the officers during the course of the search. He asserts that the statements were made "during the conduct of an illegal search and seizure and therefore the product and fruit of an illegal search and seizure." Defendant's second point is based upon the erroneous assumption that his first point is valid. The invalidity of his first point is fatal to his second point.

Defendant's third point is that the trial court erred in receiving evidence that defendant resisted arrest during the events of July 2, 1986. Such evidence was admissible as evincing a consciousness of guilt. *State v. Valentine,* 646 S.W.2d 729, 732–733 (Mo.1983); *State v. Anderson,* 386 S.W.2d 225, 228[3] (Mo. banc 1963); *State v. Sanders,* 714 S.W.2d 578, 585[3] (Mo. App.1986); *State v. Turner,* 713 S.W.2d 877, 879[1] (Mo.App.1986); *State v. Wallace,* 644 S.W.2d 382, 384[1] (Mo.App.1982); *State v. Campbell,* 533 S.W.2d 671, 675[1] (Mo.App.1976). Defendant's third point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.