940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Leroy MARQUEZ, Defendant-Appellant.
 No. 90-1230.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 On January 29, 1990, defendant-appellant Thomas Leroy Marquez, a convicted felon, told his therapist that he had purchased a gun two years earlier and still kept it at his home. The therapist relayed this information to Marquez's probation officer, who in turn provided it to federal law enforcement agents. On February 20, 1990, these agents obtained a warrant to search Marquez's home and seized the gun they found there. Marquez was subsequently indicted as a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1), 924 (1988).
 
 
 2
 On May 8, 1990, Marquez filed a motion to suppress the evidence seized during the February 20 search of his home on the grounds that there had been no probable cause for the search. The district court denied this motion after a hearing. Shortly thereafter, Marquez indicated that he intended to raise the affirmative defense of justification to the possession claim. The government responded with a motion in limine to preclude evidence supporting this defense. The district court granted this motion after determining that Marquez's offer of proof on the issue did not meet the standards required for raising this defense. Marquez subsequently entered a guilty plea conditioned on his right to appeal the district court's rulings on each of these motions. Upon considering this appeal, we affirm.[1]
 
 
 3
 A. Motion to suppress evidence seized during February 20 search
 
 
 4
 With respect to his motion to suppress, Marquez argues on appeal that the district court erred in finding that the government had probable cause to obtain a warrant and search his home. In order to obtain the warrant, the government was required to provide an affidavit "set[ting] forth facts and circumstances within the officer's knowledge supported by reasonably trustworthy information from which a magistrate may reasonably conclude the items sought are connected to the crime and located at the place indicated." United States v. Williams, 605 F.2d 495, 497 (10th Cir.), cert. denied, 444 U.S. 932 (1979); see Bigford v. Taylor, 834 F.2d 1213, 1218 (5th Cir.), cert. denied, 488 U.S. 851 (1988). We will affirm if, viewing the evidence in the light most favorable to the government, there is any reasonable view of the evidence to support this finding. See United States v. Espinosa, 771 F.2d 1382, 1407 (10th Cir.), cert. denied, 474 U.S. 1023 (1985).
 
 
 5
 Applying this standard, we find no error in the district court's denial of Marquez's motion to suppress. Marquez's statement to his therapist was sufficient to supply probable cause for issuance of the search warrant. See United States v. Hampton, 633 F.2d 927, 929 (10th Cir.1980) (defendant's statement against her or his penal interest has a sufficient indicia of reliability to support probable cause determination), cert. denied, 449 U.S. 1128 (1981). We also do not agree, as argued by Marquez, that this statement, made three weeks before issuance of the warrant, was too stale to establish probable cause for Marquez's continued possession of the gun. See United States v. Miles, 772 F.2d 613, 616 (10th Cir.1985) (in case involving stolen firearms, 18-day delay between development of supporting evidence and date of affidavit does not render evidence stale for probable cause purposes). The record also indicates, contrary to Marquez's assertion, that all relevant information concerning Marquez's statements to his therapist was attached to the affidavit and thus presented to the magistrate. See Doc. 3, Ex. B. Finally, we cannot agree that the search warrant ultimately issued on the basis of this affidavit permitted the government to search for evidence for which probable cause did not exist.
 
 
 6
 B. Preclusion of evidence in support of justification defense[2]
 
 
 7
 Because federal firearms laws impose "something approaching absolute liability," United States v. Nolan, 700 F.2d 479, 484 (9th Cir.), cert. denied, 462 U.S. 1123 (1983), it is extremely difficult to raise successfully a justification defense to the charge of possession of a firearm by a felon. See id.; United States v. Vigil, 743 F.2d 751, 756 (10th Cir.), cert. denied, 469 U.S. 1090 (1984). In order to raise this defense, Marquez was required to establish, at minimum, that he faced "an unlawful and 'present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury,' " Vigil, 743 F.2d at 755 (quoting United States v. Bailey, 585 F.2d 1087, 1110 (D.C.Cir.1978) (Wilkey, J. dissenting), rev'd, 444 U.S. 394 (1980)); see United States v. Scott, 901 F.2d 871, 873 (10th Cir.1990), and that he "had no 'reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm.' " Vigil, 743 F.2d at 755 (quoting United States v. Bailey, 444 U.S. 394, 410 (1980)); see Scott, 901 F.2d at 873.
 
 
 8
 At the hearing on the government's motion in limine, Marquez offered the following proof in support of these elements: (1) that he had received phone calls threatening him because he had been a drug informant, Tr. 6/4/90 at 4; (2) that in 1987 he had received a "hit list" with his name on it, id. at 3; Doc. 6 at 1; (3) that he had heard a gunshot at his home in approximately June 1988, Tr. 6/4/90 at 6; (4) that a friend of his was beaten in early 1989 because he refused to reveal Marquez' whereabouts, id. at 7; Doc. 6 at 2; (4) that two individuals had personally threatened him in late 1989, id. at 5-6, and (5) that he had moved from Denver to the suburbs, changed his phone number approximately ten times and informed his attorney and probation officer of the second and third incidents. Id. at 3-5, 7. The district court held that this offer of proof failed to satisfy either of the stated elements.
 
 
 9
 We agree with the district court that Marquez's offer of proof failed as a matter of law to satisfy either element of the justification defense cited above. Even assuming that the threats and incidents cited by Marquez gave rise to the necessary "well-grounded apprehension of death or serious bodily injury," Vigil, 743 F.2d at 755, the most recent of these incidents occurred two months before the gun was seized from Marquez's home on February 20, 1990. Thus, it cannot be said that any threat to Marquez was "present, imminent and impending" as required by Vigil. See id.; see also United States v. Panter, 688 F.2d 268, 272 (5th Cir.1982) (justification defense may be successfully asserted by a felon who, reacting out of a reasonable fear for her or his life or safety, takes temporary possession of a firearm in the actual course of a conflict provoked by others). We also agree that Marquez's offer of proof failed to show that he had attempted all "reasonable, legal alternative[s]" to possessing a firearm in response to the threats allegedly made against him.[3]
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Both parties have requested that this appeal be submitted on the briefs. After examining the briefs and appellate record, we have determined unanimously that oral argument would not materially assist determination of this appeal. Accordingly, we order this appeal submitted without oral argument. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9
 
 
 [2]
 The parties and the district court below have variously described Marquez's proposed affirmative defense as one of duress, coercion, self-defense and necessity. Although each of these justification defenses differ in some respects, see United States v. Bailey, 444 U.S. 394, 409-10 (1980); United States v. Nolan, 700 F.2d 479, 484 & n. 1 (9th Cir.), cert. denied, 462 U.S. 1123 (1983), these differences are of no effect in determining the outcome of this case
 
 
 [3]
 The alternatives available to Marquez included informing police of the most recent threats made in November 1989 and making additional attempts to distance himself from Denver and the individuals who were allegedly threatening him