72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Annie E. HOLLIS, Defendant-Appellant.
 No. 94-3136.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 ORDER AND JUDGMENT*
 Before TACHA, COFFIN,** and LUCERO, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 On February 17, 1994, a jury convicted Annie Hollis of food stamp fraud, a violation of 7 U.S.C. Sec. 2024(b)(1); distribution of cocaine base, or crack cocaine, a violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B); and distribution of crack cocaine within 1,000 feet of a school zone, a violation of 21 U.S.C. Sec. 860(a). The district court determined that the appropriate sentence under the federal sentencing guidelines was 168 months imprisonment. Hollis appeals her conviction and sentence on three grounds: (1) that the district court erred by denying her motion for judgment of acquittal; (2) that the statutes and sentencing guidelines that govern crack cocaine are unconstitutionally vague; and (3) that the sentence disparity between powder and crack cocaine violates her equal protection and due process rights. We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 2
 In the Fall of 1992, Annie Hollis purchased food stamps from an undercover law enforcement agent. When the agent asked Hollis if she had crack cocaine to sell, Hollis said that she did, and concluded the sale at an agreed-upon meeting. Hollis subsequently sold cocaine to undercover agents on six different occasions, once within 1,000 feet of a school. Law enforcement agents recorded the first of these transactions on audio and video tape. They also taped telephone conversations and meetings between Hollis and undercover agents regarding the purchase of crack cocaine and food stamps. At trial, the government introduced into evidence the tapes of Hollis selling crack and discussing the sales. The government also introduced the actual substances sold to undercover agents. In addition, a forensic chemist testified at trial that each substance that Hollis gave to the undercover agents was crack cocaine.
 
 
 3
 Hollis argues that the government's evidence was insufficient to convict her, and consequently that the court should have granted her motion for judgment of acquittal. We review the denial of a motion for acquittal using the same standard as the trial court. United States v. Miles, 772 F.2d 613, 615 (10th Cir.1985). "We view the evidence in the light most favorable to the government, and 'then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.' " Id. (quoting U.S. v. White, 673 F.2d 299, 301 (10th Cir.1982)). Viewing the evidence in this case in the light most favorable to the government, we conclude that there was ample evidence on which a jury could properly find Hollis guilty. The videotapes and audio tapes of the transactions, combined with the testimony of the forensic chemist, provided sufficient support for a jury to reach a guilty verdict. Thus the district judge did not err in denying Hollis's motion for judgment of acquittal.
 
 
 4
 Hollis also argues that the statutes and federal sentencing guidelines that govern crack are unconstitutionally vague. A substantially similar argument was raised in United States v. Easter, 981 F.2d 1549, 1557-58 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993), and was rejected by this court. Like Hollis, the defendant in Easter challenged the statutes and sentencing guidelines that govern crack cocaine as unconstitutionally vague because they do not define the term "cocaine base." Id. at 1557. The court in Easter noted that "a penal statute is void for vagueness if it: (1) fails to 'define the criminal offense with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited' or it (2) fails to 'establish minimal guidelines to govern law enforcement' so as to invite arbitrary and discriminatory enforcement." Id. at 1557 (brackets in original) (citations omitted). The statutes and guidelines at issue, 21 U.S.C. Secs. 841(a)(1), (b)(1)(B) and 860(a), and U.S.S.G. Sec. 2D1.1, clearly state that distribution of cocaine in any form will result in punishment, so Hollis was on notice that the distribution of crack cocaine is prohibited. Easter, 981 F.2d at 1557-58. As to the second prong of the vagueness inquiry, the Easter court held that crack cocaine is "sufficiently defined ... to prevent arbitrary and discriminatory enforcement." Id. at 1558. Accordingly, Hollis's vagueness argument fails.
 
 
 5
 Finally Hollis contends that the sentence disparity between crack and powder cocaine violates her rights to equal protection and due process. Hollis notes that the overwhelming majority of crack cocaine defendants, both nationally and in Kansas, are African-American, while the majority of powder cocaine defendants are Caucasian. Hollis argues that the disparity in penalties between crack and powder cocaine is evidence of intentional racial discrimination in violation of equal protection principles and due process. This claim has been addressed and rejected by this court on several occasions. United States v. Thurmond, 7 F.3d 947, 950-53 (10th Cir.1993), cert. denied, 114 S.Ct. 1311 (1994); United States v. Turner, 928 F.2d 956, 959-60 (10th Cir.) (disparity does not violate due process), cert. denied, 502 U.S. 881 (1991); Easter, 981 F.2d at 1558-59 (disparity does not violate equal protection). This panel cannot overrule the court's existing precedent without en banc consideration or a superseding decision by the Supreme Court. United States v. Smith, 63 F.3d 956, 967 (10th Cir.1995), petition for cert filed, (U.S.Nov.14, 1995) (No. 95-6751). Accordingly, Hollis's sentence under the guidelines does not deprive her of equal protection of the law or due process.
 
 
 6
 In sum, we AFFIRM the district court's denial of the motion for judgment of acquittal and AFFIRM the district court's sentence.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 The Honorable Frank Coffin, Senior Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation