**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alvin Aaron McCOY,
Defendant-Appellant.**

No. 84-1176.

United States Court of Appeals,
Tenth Circuit.

Dec. 30, 1985.

---

Layn R. Phillips, U.S. Atty., Gerald Hilsher, Asst. U.S. Atty., N.D. of Okl., for plaintiff-appellee.

Jeffrey D. Fischer, Tulsa, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, LOGAN, Circuit Judge, and WINDER, District Judge *. .

WINDER, District Judge.

The appellant, Alvin Aaron McCoy, was convicted in the District Court by a jury on one count of possession of a firearm by a convicted felon in violation of 18 (App) U.S.C. § 1202. The appellant challenges his conviction on the grounds that the evidence was insufficient to show he had possession of the firearms involved and that the search warrant, that was used to seize the weapons in question, was insufficient to comply with the Fourth Amendment.

The facts disclose that on August 4, 1983 officers from the Tulsa Police Department, narcotics division, executed a state search warrant for the premises occupied by appellant and his wife in Tulsa, Oklahoma. The warrant was executed in the morning at about 7:20 a.m. Upon entry, after giving notice, the officers found appellant and his wife in the bedroom. They were apparently asleep until the police entered. Appellant McCoy was on the west side of the bed with a dresser a few feet away. A .38 caliber Titan Tiger pistol was observed in the nightstand next to where defendant was sleeping and .357 Colt pistol was observed in the dresser. This weapon was loaded. It was in a drawer where mens underclothing was also found. A .12 gauge shotgun was found in a closet. Cowboy boots were also observed in the closet with other mens clothing. The Tulsa officers wrote down the serial numbers of the weapons to determine if they were stolen, but did not take the weapons into their custody.

On August 9, 1985 agents of the Federal Bureau of Alcohol, Tobacco and Firearms (ATF) executed a federal search warrant for the weapons at the appellant's residence. The warrant was based on information obtained from the Tulsa police that appellant had the weapons in his home and was a convicted felon. The officers seized the three weapons that had been observed by the Tulsa police plus one other pistol. Three of the weapons were seized from the bedroom. The .357 Colt revolver was in the northeast corner of the bedroom sitting on a suitcase. The .38 Titan Tiger pistol was in the southeast part of the bedroom. The shotgun was seized from the closet and another weapon, a .22 caliber pistol with its cylinder removed but nearby, was seized from the southwest corner nightstand. Evidence was introduced that the weapons were not manufactured in Oklahoma but in Brazil, Massachusetts and Connecticut. The .22 pistol was capable of being put together and fired. The .357 Colt and the shotgun were in good condition, but the .38 Titan Tiger would not fire because the firing pin was removed, but it could be made to fire by putting a firing pin in place. The two pistols mentioned in the search warrant that were found in the

---

* Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation.

bedroom were seized from different locations than where they were when first observed by the Tulsa police.[1]

Evidence was introduced showing that the appellant had two prior felony convictions in the State of Oklahoma for unlawful possession of a controlled drug with intent to distribute and assault with a deadly weapon.

The only witness called by the appellant was his wife, Debra McCoy. Mrs. McCoy testified she had been married to the defendant for a little over two years and they had lived together for a time prior to their marriage.

Mrs. McCoy also testified that the four firearms were in the residence, but her husband did not have possession of the weapons. She said she owned the weapons. She stated she put the Titan Tiger .38 pistol in the nightstand and did not move it. She claimed the weapon was hers and had been given to her by a fellow employee during a strike. She stated she purchased the .357 Colt and a receipt for its purchase, by her, was introduced in evidence. She said she purchased the weapon after a break-in at the house. She claimed she purchased the .22 pistol at a time before her marriage to appellant because she and McCoy had been fighting at the time and she got it for protection but it had not worked. As to the shotgun she said that she and her husband had loaned a friend, John Long, $80.00 and he had insisted they take the gun as security. Mrs. McCoy put the shotgun in the closet until such time as Long could retrieve it. She claimed the closet included clothing of both herself and appellant. Mrs. McCoy claimed she carried the .357 Colt with her when she worked nights. She said the gun was kept loaded, in a carrying case, and in her car. There was evidence that at the time of the seizure of the weapons, Mrs. McCoy claimed ownership as to the .357 Colt pistol but said nothing about the other weapons.

Based on the above evidence the jury found the appellant guilty and the trial court denied a motion for a new trial.

### The Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence to support his conviction. In reviewing the evidence to determine if it will support the jury's verdict, the evidence must be examined in a light most favorable to the prosecution's evidence. The verdict will only be disturbed if a jury could not reasonably have based a verdict of guilt beyond a reasonable doubt on the evidence presented. *United States v. Burns,* 624 F.2d 95 (10th Cir.1980), *cert. denied,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219; *United States v. Peister,* 631 F.2d 658 (10th Cir.1980); *United States v. Berry,* 678 F.2d 856 (10th Cir.1982); *United States v. Dumas,* 688 F.2d 84 (10th Cir.1982).

The evidence favorable to the prosecution shows four weapons in the home occupied by the appellant. All of the weapons were workable or capable of being made workable. The .38 Titan Tiger, a Brazilian weapon, was found, at the time of the search by Tulsa police, in the bedroom in the nightstand adjacent to where the appellant was sleeping. Mrs. McCoy testified the .22 weapon, also found in the nightstand during the search by the ATF officers, was kept there with the .38 Titan Tiger. The .357 Colt was located by the Tulsa police in a drawer where appellant's personal clothing was also present. All three weapons were found by the ATF officers in the bedroom where appellant slept and at his residence. The weapons according to Mrs. McCoy had been in the home for sometime. The shotgun was given to both Mr. and Mrs. McCoy by a friend for a loan made by the McCoys. Although there is no direct evidence appellant actually had physical possession of the shotgun, it was located in a closet where he had personal belongings, shoes, boots and suits. Mrs. McCoy claimed ownership of all weapons at the time of her testimony, but only

---

**1.** Mrs. McCoy explained that the weapons were left where the Tulsa police had left them after their search.

claimed ownership of the .357 at the time of the seizure. Her testimony as to the location of the weapons was sometimes at odds with the testimony of the police and agents. Under these circumstances the issue of possession was for the jury. See, *Mares v. United States,* 319 F.2d 71 (10th Cir.1963); *United States v. Warledo,* 557 F.2d 721 (10th Cir.1977); *United States v. Smith,* 591 F.2d 1105 (5th Cir.1979). The jury was not obligated to believe Mrs. McCoy. The weight to be accorded Mrs. McCoy's testimony was for the jury to assess.

 The possession of a weapon by a prohibited person, under 18 (App) U.S.C. § 1202, may be actual or constructive and may be joint. *United States v. Nolan,* 700 F.2d 479, 485 (9th Cir.1983); *United States v. Griffin,* 705 F.2d 434 (11th Cir.1983); *United States v. Martin,* 706 F.2d 263 (8th Cir.1983). Possession may be established by circumstantial evidence. *United States v. Smith,* supra, p. 1106–07.

Other courts have found circumstances similar to those in this case to be sufficient to sustain a jury verdict. In *United States v. Smith,* supra, the facts closely paralleled those in the instant appeal. A weapon was found in the top drawer of a nightstand near a bed that the defendant used. The court sustained the conviction finding the defendant had sufficient power, dominion and intent over the weapon although there was no evidence of his actual possession.

Like any other fact in issue, possession may be proved by circumstantial as well as direct evidence. The law also recognizes that possession may be either actual or constructive. The defendant had constructive possession if he had the intent and the power to exercise dominion and control over the weapons as charged. *United States v. Virciglio,* 441 F.2d 1295 (5th Cir.1971); *United States v. Scarborough,* 539 F.2d 331 (4th Cir.1976), aff'd., 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). 'In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the con-

traband itself or the premises or vehicle in which contraband is concealed.' *United States v. Ferg,* 504 F.2d 914, 916–17 (5th Cir.1974). Smith's dominion and control over his own residence, in which the guns were found, is a sufficient basis for the jury's inference of constructive possession. The guns were either in plain view or in places where they could hardly have escaped his knowledge. Smith claims, however, that the government has not disproved his contention that the guns were in the possession of his wife. In *United States v. Ransom,* 515 F.2d 885 (5th Cir.1975), cert. denied, 424 U.S. 944, 96 S.Ct. 1412, 47 L.Ed.2d 349 (1976), this court approved a charge containing the following statement: 'The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.' 515 F.2d at 890–91. See also, *United States v. Jones,* 514 F.2d 648 (5th Cir. 1975); *United States v. Ferg,* supra; *United States v. Verciglio,* supra; *Garza v. United States,* 385 F.2d 899 (5th Cir.1967). The facts in the present case are similar to those in *United States v. Scarborough,* supra. We have no more difficulty than did the *Scarborough* court in concluding that evidence of 'the defendant's control and dominion over the weapons was quite sufficient to support the verdict.'

591 F.2d at 1107.

In, *United States v. Apker,* 705 F.2d 293, 308–09 (8th Cir.1983) *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229, a weapon was found in a bedroom drawer with clothing of the defendant at the premises where defendant was occasionally present. The court found the evidence sufficient to support a reasonable inference of possession. The power or dominion and intention for possession could be reasonably inferred from the facts. See also, *United States v. Poore,* 594 F.2d 39, 43 (11th Cir.1979); *United States v. Martin,*

supra. We conclude the record is not devoid of sufficient evidence to sustain the conviction. *United States v. Burns,* supra.

## Search Warrant

The appellant urges that the search warrant used to seize the weapons from his residence was not constitutionally sufficient. First, appellant claims the warrant affidavit, which referred to, incorporated, and had attached, the warrant affidavit of the Tulsa police for the search on August 4, 1983, was not proper. Second, appellant contends the facts in the affidavit supporting the warrant, executed by the ATF officers, did not contain a showing of a sufficient nexus to the suspected crime to justify the seizure of the weapons.

In his written pretrial suppression motion, the appellant did not claim any error because of the fact that the federal warrant affidavit incorporated by reference and attachment the affidavit of the state warrant. At the time of the hearing on the suppression motion in the District Court, the appellant did not object to the sufficiency of the federal warrant because of the incorporation of the state affidavit, but contended that because the court's file did not contain a copy of the state affidavit the federal warrant was deficient.[2] Consequently, to the extent appellant claims error in the incorporation of the state affidavit in the federal affidavit which was the basis of the federal warrant, the issue has not been preserved for appeal. *United States v. Oakes,* 564 F.2d 384 (10th Cir. 1977) *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 521; *United States v. Beery,* 678 F.2d 856 (10th Cir.1982); *United States v. McNulty,* 729 F.2d 1243 (10th Cir.1983). Second, this court has held previously that an affidavit for a search warrant may incorporate attached affidavits or documents by reference. "There is nothing unusual about reading together the several components of an affidavit for search warrant, where properly incorporat-

ed or related by reference ... When this is done and considered in a non-technical manner we must hold that the warrants were adequate in form." *United States v. Rael,* 467 F.2d 333 (10th Cir.1972); *United States v. Myers,* 553 F.Supp. 98 (D.C.Kan. 1982). The appellant makes various references to the Federal Rules of Evidence [3] contending the State affidavit was not properly authenticated and therefore the warrant in this case was based on hearsay. However, the Federal Rules of Evidence expressly provide they have no application to search warrants. Rule 1101(d)(3), F.R.E. Also, hearsay evidence may be used to establish probable cause for a search warrant. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Jones v. Crouse,* 447 F.2d 1395 (10th Cir.1971); *United States v. McCoy,* 478 F.2d 176 (10th Cir.1973); *United States v. Monaco,* 700 F.2d 577 (10th Cir.1983).

The claim that the warrant was insufficient must also be rejected. Warrants are often drafted by police agents in the hurried pursuit of their duties, *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Cardall,* 773 F.2d 1128 (10th Cir.1985), and warrants are not to be read in a technical fashion or in such a restrictive manner as will discourage officers from seeking out warrants before conducting searches or seizures. *United States v. Ventresca,* supra; *United States v. Axselle,* 604 F.2d 1330 (10th Cir.1979). In this case, the totality of the facts, *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Martinez,* 764 F.2d 744 (10th Cir.1985), support a conclusion that the magistrate could properly find there was probable cause for the search and seizure.[4] The affidavit recites the information the affiant received from Corporal Kragel of the Tulsa Police Department that a search of Alvin McCoy's premises

---

**2.** Appellant does not assert this contention on appeal.

**3.** Appellant cites Rules 803(8), 805, 902(1), (4), 1005, Federal Rules of Evidence, 28 U.S.C.

**4.** Deference should be accorded the magistrate's determination of probable cause. *United States v. Brinklow,* 560 F.2d 1003 (10th Cir.1977) *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798; *Aguilar v. Texas,* supra.

had occurred and described the three handguns that were observed in that search. The affidavit also recited that handguns were found in the "southeast bedroom of the above described residence, which was then being occupied by Alvin Aaron McCoy." The affidavit stated the weapons observed by the Tulsa police were left on the premises. It further stated that McCoy had been convicted of two prior felonies. This adequately set forth sufficient probable cause to conduct the search. *United States v. Martinez*, supra; *United States v. Berisford*, 750 F.2d 57 (10th Cir.1984). The affidavit had only to set out probable cause showing the illegal possession of the weapons. *United States v. Flores*, 679 F.2d 173, 175 (9th Cir.1982). The warrant in this case, although not a model, sufficiently established the nexus between the guns in McCoy's residence, the bedroom where they were seen, and the illegality of and probable constructive possession by McCoy. This was sufficient to justify their seizure.

In view of the above conclusion and the sufficiency of the warrant under *Gates*, we do not reach the issue of *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) that was suggested by the government as an alternative basis of affirmance.

The judgment is affirmed.