955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Westly WHITE, Defendant-Appellant.
 No. 91-5297.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 4, 1991.
Decided Feb. 10, 1992.
As Amended Feb. 12, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-90-349-R).
 David P. Henninger, Henninger & Glass, Towson, Md., for appellant.
 Christopher Bowmar Mead, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin Westly White appeals his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West Supp.1991). The only question presented for review is whether there was sufficient evidence for the jury to find Defendant had constructive, joint, or actual possession of the firearm in question. For the reasons outlined below, this appeal is without merit.
 
 
 2
 On January 9, 1990, Baltimore police officers executed a search warrant at the residence of Kevin Westly White and Hazel Ann Thornton. Thornton opened the door for the officers and she remained downstairs. The officers proceeded to search the house. Officer David Reitz went upstairs and saw White coming out of the front bedroom. White was escorted downstairs. After being advised of their Miranda rights,* Thornton and White said they had been recently married and shared the front bedroom on the second floor.
 
 
 3
 Reitz searched the front bedroom, including the bottom drawer of a nightstand next to the bed. In it he found a .32 caliber handgun with tape on the handle. In the same drawer he also found a box of matches and cigarette lighters, and bank records addressed to Thornton. When he brought the gun downstairs, Thornton stated that it was hers.
 
 
 4
 Thornton and White were arrested for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). At the jury trial, the Government called Thornton's thirteen-year-old son, Eric Thornton, who testified that he had seen defendant White holding a silver gun with tape around the handle, and that White kept the gun in the nightstand. The younger Thornton also testified that his mother did not smoke but that White did. Two other witnesses, called on behalf of Thornton, testified that they had witnessed White holding a gun resembling the one in question.
 
 
 5
 The transcript of the testimony at trial negates White's repeated assertion that Eric Thornton was the only person who had witnessed him holding the gun. Two witnesses called on behalf of Hazel Thornton also testified that they had seen White holding the gun. Since White chose to introduce evidence in his defense, this Court evaluates the entire evidentiary record in determining the sufficiency of the evidence. We are not limited to a review of the Government's evidence. See United States v. Belt, 574 F.2d 1234, 1236 (5th Cir.1978).
 
 
 6
 White's argument that Eric Thornton did not indicate when he saw White with the handgun, thereby questioning whether he was in possession at the time he was a convicted felon, is simply unsubstantiated by the record. When asked where and when he saw the gun, Eric Thornton replied, "When he go to bed and he have it in the nightstand." When asked how long the gun had been in the nightstand, he replied "He keep it with him every day. He have it all night long," and "Like he put it on when he get ready to go to bed and tomorrow morning he get it."
 
 
 7
 Finally, unlawful possession under 18 U.S.C. § 922(g) may be actual, constructive, or joint. See United States v. Johnson, 857 F.2d 500, 501-02 (8th Cir.1988); United States v. McCoy, 781 F.2d 168, 171 (10th Cir.1985) (even though wife stated gun belonged to her, fact that it was in close proximity to defendant in shared bedroom and was stored in place containing possessions of both husband and wife, sufficient to find constructive or joint possession). The defendant had constructive possession if he had the intent and power to exercise dominion and control over the weapon. See United States v. Scarborough, 539 F.2d 331 (4th Cir.1976), aff'd, 431 U.S. 563 (1977). Based on the testimony of the witnesses and the proximity of the gun to Defendant, there was sufficient evidence to find constructive possession.
 
 
 8
 For the foregoing reasons, we affirm White's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)