956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delonia LOWE, Defendant-Appellant.
 No. 91-6139.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before SEYMOUR, ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Defendant-Appellant, Delonia Lowe, and Derwin Prescott were indicted by a federal grand jury in the Western District of Oklahoma, charged with conspiring to distribute cocaine and related crimes. Of the ten counts in the indictment, Defendant was charged in eight counts. Defendant was convicted by a jury of all eight counts: one count of conspiracy to possess cocaine base with intent to distribute; three counts of distribution of cocaine; two counts of making a house available for unlawful activity; one count of unlawful possession of an unregistered gun; one count of being a felon in possession of a firearm; and three counts of aiding and abetting particular offenses charged. Defendant appeals her conviction, arguing that the evidence was insufficient to establish that she had conspired to distribute cocaine, and that the district court erred in overruling her Motion for Judgment of Acquittal on the weapons charges. Because our examination of the record in this case reveals sufficient evidence to sustain Defendant's conspiracy conviction and further confirms that Defendant was also properly convicted of the weapons charges, we affirm.[1]
 
 
 2
 "The core of a conspiracy is an agreement to commit an unlawful act." United States v. Esparsen, 930 F.2d 1461, 1471 (10th Cir.1991), cert. denied, 60 U.S.L.W. 3478 (U.S. Jan. 13, 1992) (Nos. 91-5163, 91-5206). In order to establish the elements of a conspiracy, the government must prove that "two or more persons agreed to violate the law, that the defendant knew at least the essential objectives of the conspiracy, and that [she] knowingly and voluntarily became part of the conspiracy." United States v. Williams, 923 F.2d 1397, 1402 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991). The evidence supporting the conviction can be direct or wholly circumstantial, but it must be substantial. Id. Knowledge of all details of an operation is not essential to a conspiracy conviction. Esparsen, 930 F.2d at 1471-72. Even a slight connection to the conspiracy is enough to sustain a conviction if that connection is proven "with evidence to establish knowing participation beyond a reasonable doubt." United States v. Horn, 946 F.2d 738, 741 (10th Cir.1991).
 
 
 3
 When faced with the task of reviewing the sufficiency of the evidence supporting a conviction, we examine the entire record in the light most favorable to the government to determine whether the evidence, both direct and circumstantial, together with reasonable inferences to be drawn therefrom, is such that any reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. Williams, 780 F.2d at 1402. The evidence here is not in dispute.
 
 
 4
 Defendant's knowledge of the objectives of the conspiracy and her voluntary participation in it are supported by the record. Defendant was present when the undercover agent made his first buy and when he asked if he could return later to make another purchase. Rec.Supp.Vol. I at 13, 16. She called the informant at his place of business to inform him that Prescott, who was out of town, "would be back with some." Id. at 61-63. She was present at the negotiations for the second purchase at which time she gave the informant her pager number. Id. at 64-66. She returned the informant's call to her pager, id. at 66, and large quantities of rock cocaine were hidden in her home, id. at 128. This involvement goes beyond mere association with conspirators, which cannot be a basis for conviction of conspiracy. See Horn, 946 F.2d at 741. The fact that Defendant knowingly allowed her residence to be used for storage of the drug and as a place of sale facilitated the endeavor of Prescott and the venture as a whole. This evidence is sufficient proof of the interdependence necessary to support a conspiracy conviction. Id.
 
 
 5
 The requirement of an agreement among two or more persons to commit an unlawful act can be rationally inferred from the evidence in this case. Defendant was present[3] with Prescott on more than one occasion while transactions and negotiations involving the sale of cocaine were taking place. See Esparsen, 930 F.2d at 1472. By giving the informant her pager number, Defendant helped facilitate communication between Prescott and the buyer. This, along with the presence of cocaine hidden in Defendant's premises, is sufficient evidence of an agreement to distribute cocaine to support the verdict.
 
 
 6
 The evidence discussed above is also sufficient to support Defendant's conviction for aiding and abetting the crimes charged. A reasonable jury could find beyond a reasonable doubt that Defendant willfully associated herself with the criminal venture and sought its success through her actions. Esparsen, 930 F.2d at 1470.
 
 
 7
 As her second issue on appeal, Defendant argues that the district court erred in denying her Motion for Judgment of Acquittal on the weapons charges. "In reviewing such a ruling the evidence is deemed sufficient if it is such that when considered in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Williams, 923 F.2d at 1402 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1970)).
 
 
 8
 Defendant argues that her conviction on charges of possession of an unregistered firearm and possession of a firearm by a felon must be reversed because there was no evidence that she exercised dominion or control over the closet in which the weapon was found. We disagree. "[K]nowing possession may be actual or constructive." United States v. Wright, 932 F.2d 868, 881 (10th Cir.), cert. denied, 112 S.Ct. 428 (1991). "[A] person knowingly in constructive possession of an item has the power to exercise dominion and control over it." Id. Such possession may be established by circumstantial evidence. United States v. McCoy, 781 F.2d 168, 171 (10th Cir.1985).
 
 
 9
 At the time of the search, Defendant identified the premises as her residence. Rec.Supp.Vol. I at 128. There was undisputed testimony that the closet in which the firearm was found also contained property belonging to Defendant. Id. at 150. Dominion and control over one's own residence, in which weapons are found, is enough to infer constructive possession. McCoy, 781 F.2d at 171.
 
 
 10
 The judgment of the District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 "Mere presence at the scene of the crime does not, by itself, prove involvement but is a material factor." Esparsen, 930 F.2d at 1472