UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 95-5241

KENNETH EUGENE BARRON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-94-306-WN)

Submitted: January 30, 1996

Decided: February 16, 1996

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin A. Neil, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Andrew C. White, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Eugene Barron appeals from a district court judgment of conviction on four counts of being a felon in possession of weapons and ammunition in violation of 18 U.S.C.A. #8E8E # 921, 922(g)(1) (West 1976 & Supp. 1995). We affirm.

Barron first contends that the district court violated his constitutional right to privacy by allowing Barron's cellmate, Anthony Green, to testify regarding statements Barron made while a pre-trial detainee about ownership of the two guns involved in the four counts. The claim is meritless.

We review only for plain error because Barron did not object to the testimony at trial. United States v. Olano, 507 U.S. 725, ___, 61 U.S.L.W. 4421, 4423 (U.S. Apr. 26, 1993) (No. 91-1306). Green contacted the Government himself after Barron made incriminating statements to him while the two shared a cell. Green obtained a United States Marshals Service address by looking at Barron's mail. Barron made the statements voluntarily, and even though Green may have obtained the address through which he contacted the Government by looking at Barron's mail, this did not violate any constitutional protection. Testimony revealed that Barron showed Green a detainer he received from the Marshals Service; thus, he waived any privacy interest in that piece of paper. Further, if Green obtained the address by looking at the envelope in which the detainer arrived, Barron can hardly assert a privacy interest in the exterior of an envelope. Thus, we find no error in the admission of the testimony; and, even if the admission was in error, it had no effect on the fairness, integrity, or public reputation of the proceedings below, cf. United States v. Kinney, 953 F.2d 863, 864 (4th Cir.) (courts need not exclude evidence illegally obtained by private actors), cert. denied, 504 U.S. 989 (1992). For these two reasons, there was no plain error in the admission of the testimony. United States v. Hanno , 21 F.3d 42, 45 (4th Cir. 1994) (four-part plain error analysis).

Barron next contends that the evidence was insufficient to support the convictions because it did not show his possession of the weapons

2

and ammunition. See 18 U.S.C.A. §§ 921, 922 (elements of felon-in-possession crime); United States v. Essick, 935 F.2d 28, 29-31 (4th Cir. 1991) (same). We review the evidence in the light most favorable to the Government to determine whether a reasonable trier of fact could find all the elements of the crimes beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). The claim is without merit.

Direct evidence (from Green) showed that Barron actually possessed the two guns by owning them. Circumstantial evidence showed the Government found two types of ammunition openly stored in common areas of Barron's residence that he shared with his girlfriend. Inferences from Green's testimony that Barron owned weapons showed Barron's intent to possess ammunition. Because the evidence thus showed Barron's knowledge of the existence of ammunition over which Barron had the power and intent to possess, the evidence was sufficient to show constructive possession of the ammunition. This was sufficient to support conviction on the ammunition counts. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992); United States v. Garcia, 917 F.2d 1370, 1376 (5th Cir. 1990); United States v. McCoy, 781 F.2d 168, 170-71 (10th Cir. 1985).

Finally, Barron contends that the district court improperly considered the substance of impeachment evidence. We find no reversible error.

Detective Woodhouse testified at trial that he overheard Barron's girlfriend, Laura Party, state during a search of Barron's residence that Barron owned the gun found on the premises. The court stated during its factual findings that this evidence was probative. Clarifying its statement on suggestion of the Government, the court stated that the evidence was probative of Party's truthfulness at trial and operated to undermine an attempt by the defense to show that Barron did not possess the weapons because they belonged to Party.

While the district court might have been more thorough in its analysis of the impeachment evidence and more explicit in its limitation of the evidence solely to impeachment, we believe the district court did not err. The court ultimately made it clear that the evidence was useful only to evaluate Party's veracity. Further, even if the court did

3

err, the error was harmless. Fed. R. Crim. P. 52(a) (harmless error provides no basis for reversal). The court expressly stated in its factual findings that Party's evidence was not the basis for his finding of guilt; rather, the district court found Green's testimony sufficient to establish guilt regarding the gun counts. The statements had no probative value regarding the ammunition counts. Thus, the claim of error does not provide a substantive basis for attacking the judgment.

In conclusion we affirm the district court's judgment of conviction on all four counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4