**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTHUR W. ESTRADA,

    Defendant-Appellant.

Nos. 00-6231, 00-6307, & 00-6309
(D.C. No. 99-CR-177-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BRISCOE**, Circuit Judge.

    A jury convicted Arthur Willard Estrada of one count of possession of a controlled dangerous substance in violation of 21 U.S.C. § 844(a) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Mr. Estrada to twelve months imprisonment on the drug possession count and 235 months imprisonment on the firearm possession count. His sentences are to run concurrently.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal, Mr. Estrada challenges his conviction for being a felon in possession of a firearm. In addition, Mr. Estrada challenges his sentence, asserting he was deprived his constitutional right to self-representation during the sentencing phase of his trial. Finally, Mr. Estrada raises two issues primarily to preserve them for appeal. He argues (1) Congress did not have power to enact 18 U.S.C. § 922(g), and (2) his sentence is unconstitutional under *United States v. Apprendi*, 530 U.S. 466 (2000). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm the conviction and sentence.

A. Possession of Firearm

Mr. Estrada first argues the evidence was insufficient to support his conviction of being a felon in possession of a firearm. The evidence at trial, which included the testimony of two investigating police officers and Mr. Estrada, showed the following. As part of a larger investigation involving a methamphetamine lab, two officers from the Oklahoma City Police Department approached Arthur Willard Estrada in the parking lot of an Oklahoma City motel on July 21, 1999. Mr. Estrada was holding a pair of tennis shoes in his hand and appeared to be returning to his motel room from his truck. The officers told Mr. Estrada they wanted to ask him a few questions and requested permission to conduct a pat-down search of Mr. Estrada. Mr. Estrada consented to the pat-down

-2-

search.  After discovering two hand-rolled marijuana cigarettes in Mr. Estrada's right front pocket, the officers arrested him.

Other officers from the Oklahoma City Police Department secured the scene while awaiting a search warrant for Mr. Estrada's motel room and truck. The officers made contact with Sharon Kay Akin,[1] Mr. Estrada's then girlfriend, who was in the motel room.  Ms. Akin and Mr. Estrada were traveling together and were the only occupants of the motel room.  Upon the arrival of the warrant, the officers searched the motel room and seized drugs, drug paraphernalia, and a Ruger .22 semiautomatic pistol.

The officer conducting the search testified he found the gun, loaded with ten live rounds, inside a brown paper sack sitting against one of the motel room's walls.  A pair a men's shoes was sitting on the floor directly to the left of the sack.  The officer testified, in contrast to women's items that were scattered throughout the room, men's items were concentrated in a single location.  Finally, the officer said although he could not tell what was in the sack by visual

---

[1] Ms. Akin is known by several aliases, and the spelling of her name is inconsistent throughout the record in this case.  For consistency, we refer to her as Ms. Akin.

inspection, upon feeling the sack he immediately recognized it contained a weapon.

Mr. Estrada testified he did not know the gun was in the motel room and he had not noticed the sack containing the gun or the men's shoes in the motel room. He thought the gun belonged to Toby Trusdale because he had seen Sharon Akin use the pistol for target practice at Mr. Trusdale's residence. With respect to the shoes found next to the gun, Mr. Estrada believed they too belonged to Mr. Trusdale. Mr. Estrada explained that prior to his arrest, he and Ms. Akin went to Mr. Trusdale's residence to collect Ms. Akin's personal belongings. Mr. Trusdale had already gathered Ms. Akin's belongings together. Mr. Estrada took Ms. Akin's belongings and put them in his truck. He believes the men's shoes were originally in the sack containing the gun and Mr. Trusdale put the sack containing the gun and shoes with Ms. Akin's belongings. Consequently, Mr. Estrada transferred the gun to the truck.[2] Mr. Estrada thought Mr. Trusdale put the gun with Ms. Akin's belongings because Mr. Trusdale was expecting police officers to raid his house and he did not want the gun around. Mr. Estrada said when he and

---

[2] Mr. Estrada testified "[Ms. Akin's] personal property [was] out there in a bag for me to take outside, which I did, and that bag [containing the gun] was probably one of it." In other portions of his testimony, Mr. Estrada appears to testify Mr. Trusdale placed the sack containing the gun in his truck.

Ms. Akin arrived at the motel, they both moved their belongings from Mr. Estrada's truck to the motel room, and Ms. Akin "organized" the room.

Given this testimony, Mr. Estrada contends there is insufficient evidence to support his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) because "the circumstances reflect joint occupancy of the vehicle and motel room." Mr. Estrada notes "[t]here was no evidence of his fingerprints on the gun, and no testimony whatsoever that [Mr.] Estrada ever owned or carried any sort of firearm."

"We review the record for sufficiency of the evidence de novo. Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." *United States v. Wilson*, 107 F.3d 774, 778 (10th Cir. 1997). (quotation marks and citations omitted). "In order to conclude the evidence was insufficient, as a matter of law, to support a conviction, we must find that no reasonable juror could have reached the disputed verdict." *United States v. Owens*, 70 F.3d 1118, 1126 (10th Cir. 1995) (quotation marks and citation omitted).

"To obtain a conviction under [18 U.S.C.] § 922(g)(1), the government must establish three elements beyond a reasonable doubt: (1) the defendant was previously convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." *United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997). At trial, Mr. Estrada stipulated he was a convicted felon and the gun was in or affecting interstate commerce. Thus, on appeal Mr. Estrada argues only the evidence was insufficient to show he knowingly possessed a firearm.

"It is well settled the required 'possession' for the purposes of § 922(g) includes both actual and constructive possession." *Taylor*, 113 F.3d at 1144 (citation omitted). In order to establish constructive possession, the government must offer "some evidence supporting at least a plausible inference" Mr. Estrada had "knowledge of and access to the weapon." *United States v. Mills*, 29 F.3d 545, 549-50 (10th Cir. 1994) (quotation marks and citation omitted). While the jury is free to rely on circumstantial evidence to infer Mr. Estrada had knowledge of the gun, *see United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 2254 (2001), we have previously held evidence showing the gun was located in a room jointly occupied by a defendant and another person is not, by itself, sufficient to support an inference that the defendant had knowledge

-6-

of the gun.  *See Mills*, 29 F.3d at 549-50.  "In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband."  *Mills*, 29 F.3d at 549 (citation omitted).

In support of his argument, Mr. Estrada directs us to three cases:  *Mills*; *Taylor*; and *Hishaw*.  We agree these three cases establish that joint occupancy of the motel room alone is not sufficient to support the inference Mr. Estrada possessed the gun.  However, the evidence linking Mr. Estrada to the gun goes beyond the evidence in any of those cases.  The gun was found directly next to a pair of men's shoes and Mr. Estrada was the only male occupant of the motel room.  *See United States v. McCoy*, 781 F.2d 168, 170-72 (10th Cir. 1985) (holding gun found in bedroom was properly found to belong to defendant when it was discovered in close proximity to defendant's personal belongings).[3] Furthermore, Mr. Estrada testified he loaded Ms. Akin's belongings into his truck

---

[3] In addition to the oral testimony, the jury considered photographs of the motel room taken before the police searched the room.  At least one of these photographs showed the men's shoes and the paper bag containing the gun.  Mr. Estrada did not make these photographs part of the record on appeal or include them as an addendum to his brief.  Consequently, the jury had a more complete understanding of the location of the gun in relation to other objects and was better situated to make decisions concerning Mr. Estrada's possession of the gun.

and the sack containing the gun was probably with the belongings. The investigating officer testified by feeling the bag it was readily apparent the bag contained a weapon. Finally, we note, although Mr. Estrada testified he did not have any knowledge of the gun, the jury was not required to believe him when other testimony suggested he had constructive possession of the firearm. The weight to be accorded the witnesses' testimony "was for the jury to assess." *McCoy*, 781 F.2d at 171. We conclude the record contains sufficient evidence to sustain Mr. Estrada's conviction.

## B. Request for Self-Representation

Mr. Estrada next contends the district court "misapplied the law, and clearly erred" when it denied Mr. Estrada's request to represent himself at sentencing. Specifically, Mr. Estrada argues the district court was incorrect in finding his request was untimely and made for the purpose of delay.

At the beginning of Mr. Estrada's sentencing hearing, his attorney moved to withdraw as counsel of record and asked that Mr. Estrada be allowed to represent himself. The request came seven months after the court appointed the attorney as Mr. Estrada's counsel, and five months after the conclusion of the guilt phase of

Mr. Estrada's trial.[4]  In explaining why Mr. Estrada sought to proceed *pro se*, his

attorney stated:

> There has been a breakdown in the attorney/client relationship
> between Mr. Estrada and myself.  He has made allegations of
> ineffective assistance of counsel during trial and up to this point.
> Mr. Estrada would like to file a motion for new trial based on new
> evidence, and part of that involves what he believes to be his
> ineffective assistance of counsel.

The district court denied the motion.  In reaching this ruling, the district

court considered the timing of the request and found it was made at the last-

minute and "just as the ball [was] going through the hoop."  In addition, the court

found the request was made for the purpose of delay.  Citing *United States v.

Akers*, 215 F.3d 1089 (10th Cir.), *cert. denied*, 531 U.S. 1023 (2000), the court

stated "[w]hether Mr. Estrada proceeded pro se or whether a new counsel was

appointed, we would have to have a continuance of sentencing day."  However,

the court said it would entertain a pro se motion for a new trial from Mr. Estrada.

A criminal defendant has a constitutional and statutory right to represent

himself at trial.  *Faretta v. California*, 422 U.S. 806, 819, 834-36 (1975) (holding

---

[4]  A magistrate judge appointed Mr. Estrada's counsel on November 18, 1999.  Mr. Estrada's trial began January 19, 2000.  The jury convicted Mr. Estrada January 21, 2000. Nevertheless, Mr. Estrada did not request self-representation until June 22, 2000.

the Sixth Amendment to the United States Constitution "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense"); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally."). The right of self-representation extends to a criminal defendant in the sentencing phase of a trial. *See United States v. Silkwood*, 893 F.2d 245, 247-49 (10th Cir. 1989) (noting a criminal defendant had a right to self-representation when the defendant requested self-representation after the guilt phase of the trial), *cert. denied*, 496 U.S. 908 (1990).

In order to invoke his right to self-representation, a defendant must satisfy four requirements. First, he must clearly and unequivocally assert his right. *United States v. Mackovich*, 209 F.3d 1227, 1235-36 (10th Cir.), *cert. denied*, 531 U.S. 905 (2000). Second, he must knowingly and intelligently forgo the benefits of representation by counsel. *Id.* Third, he must assert his right in a timely fashion. *See id.*; *United States v. Nunez*, 877 F.2d 1475, 1478-79 (10th Cir.), *cert. denied*, 493 U.S. 981 (1989). Finally, the defendant's request for self-representation cannot be made for the purpose of delay. *See Akers*, 215 F.3d at 1097. In denying Mr. Estrada's request for self-representation the district court did not conduct a hearing to determine whether Mr. Estrada's request was "clear

and unequivocal" and "knowing and intelligent." Because the district court based it ruling solely on its determination that the request was untimely and made for the purpose of delay, we review only these two requirements on appeal.

Mr. Estrada first argues his request to proceed pro se was timely. Without citation to any authority, he argues "[a]lthough court decisions deal with timeliness in the context of prior to trial as opposed to prior to sentencing, the reasoning behind the timeliness requirement applies equally to the sentencing context." Because he made his request at the beginning of the sentencing hearing, Mr. Estrada believes his request was timely.

There is apparently some confusion as to the standard of review we should apply in evaluating whether Mr. Estrada's request was timely. Both Mr. Estrada's brief and the government's brief advocate the standard of review used in *Akers*. In *Akers* the court reviewed "de novo whether a constitutional violation occurred," and reviewed "for clear error the factual findings underlying the district court's decision to deny the request for self-representation." *Akers*, 215 F.3d at 1096 (citing *Mackovich*, 209 F.3d at 1235-36). However, unlike Mr. Estrada's request for self-representation, the request for self-representation in *Akers* was made prior to trial. *See id*. at 1095-96. We have held "[a]lthough

under the Sixth Amendment, a criminal defendant has a constitutional right to waive counsel and represent himself, the right to self-representation is unqualified only if demanded *before* trial." *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999) (emphasis in original; quotation marks, citations, and alterations omitted), *cert. denied* 529 U.S. 1077 (2000). Consequently, when a defendant's request for self-representation comes after the beginning of the trial, "[w]e review the district court's decision whether to allow defendant to proceed pro se for an abuse of discretion." *Id.*; *see also United States v. Callwood*, 66 F.3d 1110, 1113-14 (10th Cir 1995) (reviewing district court's denial of a request for self-representation under an abuse of discretion standard when defendant made request at trial); *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir 1990) (same), *cert. denied*, 498 U.S. 1125 (1991); *United States v. Martin*, 203 F.3d 836, 2000 WL 33526 (10th Cir. Jan. 18, 2000) (unpublished decision) (reviewing district court's decision denial of request for self-representation under an abuse of discretion standard when defendant made the request at the sentencing hearing), *cert. denied*, 529 U.S. 1123 (2000).[5]

Indeed we know of only one case involving a request for self-representation

---

[5] We recognize *Martin* is not binding precedent under 10th Circuit Rule 36.3. Nevertheless, it shows the consistency of our decisions on this issue.

made after the beginning of the trial, in which we employed a de novo standard of review.[6]  In *Silkwood*, the defendant moved to appear pro se immediately after the trial, but before sentencing.  *Silkwood*, 893 F.2d at 247.  We used a de novo standard of review to evaluate whether the district court had properly *granted* the defendant's request to proceed pro se.  *See id*. at 247-48.  While we note the *Silkwood* court did not cite any authority for its use of the de novo standard, factual differences between *Silkwood* and the present case make it unnecessary for us to decide whether *Silkwood* employed the correct standard of review.  Because the district court in *Silkwood* granted the defendant's request for self-representation, the issue before the court was whether the defendant had properly waived his Sixth Amendment right to counsel.  *See id.* at 248.  We have consistently held waiver of a Sixth Amendment right to counsel must be reviewed under a de novo standard.  *See Taylor*, 113 F.3d at 1140 ("We review de novo the question of whether a waiver of counsel is voluntary, knowing, and intelligent.").  In our view, it makes sense that waiver of the *expressed* Sixth Amendment right

---

[6]  We are aware of two Tenth Circuit decisions involving requests for self-representation *before* trial that reviewed the district court's decision for abuse of discretion.  *See United States v. Reddeck*, 22 F.3d 1504, 1511 (10th Cir. 1994), and *United States v. Black*, 1998 WL 745986 (10th Cir. Oct. 26, 1998) (unpublished decision).  While these cases seem to contradict the de novo standard employed in *Akers*, we are not faced with a request for self-representation prior to trial, and thus need not determine the standard of review applicable to rulings on request for self-representation prior to trial.

-13-

to counsel receives greater scrutiny than a belated invocation of the *implied* Sixth Amendment right to self-representation.

In addition, *Silkwood* can be distinguished on the basis of the timing of the requests. In *Silkwood*, the defendant requested self-representation immediately after guilt phase. 893 F.2d at 247. The district court held at least one hearing prior to the hearing where it sentenced the defendant. *See id*. In contrast, Mr. Estrada made his request at the sentencing hearing. As Mr. Estrada points out, the district court eventually continued the proceedings to allow witnesses in support of Mr. Estrada's motion for a new trial. This, however, does not change the fact that Mr. Estrada's request came five months after the conclusion of the guilt phase of his trial. Furthermore, six government witnesses were present and testified at the hearing on the day Mr. Estrada requested self-representation.

Given the substantial differences between *Silkwood* and Mr. Estrada's case, we review the district court's denial of Mr. Estrada's request for self-representation for abuse of discretion. We conclude the district court did not abuse its discretion in finding Mr. Estrada's request for self-representation was untimely. Mr. Estrada's request came well after the beginning of trial, well after the court appointed Mr. Estrada's counsel, and well after the end of the guilt

phase of the trial.  Consequently, we affirm the district court's decision denying Mr. Estrada's request for self-representation.

Next, Mr. Estrada argues the district court "clearly erred in its finding that the request was made for the purpose of delay."  He argues the district court should have inquired as to "whether he would require a continuance" in order to proceed.  Without an inquiry concerning whether a continuance was necessary and without facts suggesting prior delay tactics, Mr. Estrada argues the district court could not find the request was meant to delay sentencing. Because Mr. Estrada's request was not timely, we need not address this argument.

C.  Congressional Authority

Next, Mr. Estrada contends Congress lacked authority under the Commerce Clause to enact 18 U.S.C. § 922(g) in light of the Supreme Court decisions *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995).  This argument is foreclosed in this court by our contrary ruling in *United States v. Dorris*, 236 F.3d 582, 585-86 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1635 (2001).  We decline to revisit our *Dorris* decision and affirm Mr. Estrada's conviction under section 922(g).

D. *Apprendi* Claim

Finally, Mr. Estrada relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue he should not have been sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) because the fact of his prior conviction was not submitted to a jury or proved beyond a reasonable doubt. In *Apprendi*, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. Thus, *Apprendi* preserved the holding in *Almendarez-Torres v. United States*, 523 U.S. 244 (1998), that a prior conviction may be used to increase a sentence even if it is not presented to the jury. *See Apprendi*, 530 U.S. at 490. Mr. Estrada concedes his argument is foreclosed by *Almendarez-Torres*, but seeks to preserve his argument for review by the Supreme Court in the event *Almendarez-Torres* is overruled. Nevertheless, *Almendarez-Torres* still directly controls our decision in this case. We, therefore, affirm the sentence imposed by the district court.

CONCLUSION

For the forgoing reasons, we **AFFIRM** Mr. Estrada's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

**Nos. 00-6231, 00-6307, 00-6309,** *United States v. Estrada*

**BRISCOE, Circuit Judge, concurring:**

I concur in the affirmance of Mr. Estrada's conviction and sentence. I write only to differ with one point. The majority cites *United States v. Silkwood*, 893 F.2d 245 (10th Cir. 1989), as authority for the proposition that a criminal defendant has a right to self-representation when the defendant requests self-representation after the guilt phase of the trial. I do not read *Silkwood* as supporting that conclusion and would simply, for purposes of this appeal, assume without deciding that self-representation extends to sentencing proceedings. *See Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000) (concluding that right of self-representation does not extend to direct appeals).